confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant TGI with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant TGI's goods with the goods of Plaintiffs.

61. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant TGI has infringed Plaintiff's trade dress rights in the Patented Pillow within the United States, including without limitation through the offering from sale and sale of the Infringing Pillow with a shape and appearance which is likely to confuse the trade and public into believing that it is supplied by Plaintiffs when it is not.

62. Upon information and belief, Defendant TGI has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

63. Upon information and belief, Plaintiffs have been damaged by Defendant TGI's activities and Defendant TGI is liable for such damages, in an amount to be determined.

64. Defendant TGI's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant TGI and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation restraining and enjoining the importation, offering for sale and sale of the Infringing Pillow.

## FOURTH CAUSE OF ACTION

PRODUCT TRADE DRESS INFRINGEMENT AGAINST DEFENDANT WAL-MART

65. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.

66. The Patented Pillow has an inherently distinctive trade dress.

67. The overall shape and appearance of the Patented Pillow is non-functional.

68. Through extensive advertising and sales, the shape and appearance of the Patented Pillow have become associated with Plaintiffs as the source of the Patented Pillow by the trade and the public, thereby attaining secondary meaning.

69. As is evident from Exhibit C hereto, the Infringing Pillow offered for sale and sold by Defendant TGI is identical to and an exact copy of the Patented Pillow.

70. Upon information and belief, the offering for sale and sale of the Infringing Pillow by Defendant Wal-Mart with a shape and appearance identical to and an exact copy of the Patented Pillow constitutes a false designation of origin and is in violation of Title 15 U.S.C. § 1125 (a) because the shape and appearance of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant Wal-Mart with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant Wal-Mart's goods with the goods of Plaintiffs.

71. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant Wal-Mart has infringed Plaintiffs' trade dress rights in the Patented Pillow within the United States, including without limitation through the offering from sale and sale of the Infringing Pillow with a shape and appearance which is likely to confuse the trade and public into believing that it is supplied by Plaintiffs when it is not.

72. Upon information and belief, Defendant Wal-Mart has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

73. Upon information and belief, Plaintiffs have been damaged by Defendant Wal-Mart's activities and Defendant Wal-Mart is liable for such damages, in an amount to be determined.

74. Defendant Wal-Mart's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant Wal-Mart and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation restraining and enjoining the offering for sale and sale of the Infringing Pillow.

## FIFTH CAUSE OF ACTION

PACKAGING TRADE DRESS INFRINGEMENT AGAINST DEFENDANT TGI

75. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.

76. The appearance of the packaging in which the Patented Pillow is offered for sale and sold has an inherently distinctive trade dress.

77. The appearance of the packaging in which the Patented Pillow is offered for sale and sold is non-functional.

78. Through extensive advertising and sales, the appearance of the packaging in which the Patented Pillow is offered for sale and sold has become associated with Plaintiffs as the source of the Patented Pillow by the trade and the public, thereby attaining secondary meaning.

79. As is evident from Exhibit D hereto, the Infringing Pillow offered for sale and sold by Defendant TGI is sold in a package having an appearance which is confusingly similar to the appearance of the packaging in which the Patented Pillow is offered for sale and sold.

80. Upon information and belief, the offering for sale and sale of the Infringing Pillow by Defendant TGI in a package with an appearance that is confusingly similar to the appearance of the packaging in which the Patented Pillow is offered for sale and sold constitutes packaging trade dress infringement and is in violation of Title 15 U.S.C. § 1125 (a) because the appearance of the packaging of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant TGI with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant TGI's goods with the goods of Plaintiffs.

81. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant TGI has infringed Plaintiffs trade dress rights in the appearance of the packaging in which the Patented Pillow is offered for sale and sold within the United States, including without limitation through the offering for sale and sale of the Infringing Pillow in packaging with an appearance which is likely to confuse the trade and public into believing that it is supplied by Plaintiffs when it is not.

82. Upon information and belief, Defendant TGI has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

83. Upon information and belief, Plaintiffs have been damaged by Defendant TGI's activities and Defendant TGI is liable for such damages, in an amount to be determined.

84. Defendant TGI's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to their actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant TGI and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation restraining and enjoining the offering for sale and sale of the Infringing Pillow in packaging with an appearance which is confusingly similar to the packaging in which the Patent Pillow is offered for sale and sold.

## SIXTH CAUSE OF ACTION

PACKAGING TRADE DRESS INFRINGEMENT AGAINST DEFENDANT WAL-MART

85. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.

86. The appearance of the packaging in which the Patented Pillow is offered for sale and sold has an inherently distinctive trade dress.

87. The appearance of the packaging in which the Patented Pillow is offered for sale and sold is non-functional.

88. Through extensive advertising and sales, the appearance of the packaging in which the Patented Pillow is offered for sale and sold has become associated with Plaintiffs as the source of the Patented Pillow by the trade and the public, thereby attaining secondary meaning.

89. As is evident from Exhibit D hereto, the Infringing Pillow offered for sale and sold by Defendant Wal-Mart is sold in a package having an appearance which is confusingly similar to the appearance of the packaging in which the Patented Pillow is offered for sale and sold.

90. Upon information and belief, the offering for sale and sale of the Infringing Pillow by Defendant Wal-Mart in a package with an appearance that is confusingly similar to the appearance of the packaging in which the Patented Pillow is offered for sale and sold constitutes packaging trade dress infringement and is in violation of Title 15 U.S.C. § 1125 (a) because the appearance of the packaging of the Infringing Product is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant Wal-Mart with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant Wal-Mart's goods with the goods of Plaintiffs.

91. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant Wal-Mart has infringed Plaintiffs' trade dress rights in the appearance of the packaging in which the Patented Pillow is offered for sale and sold within the United States, including without limitation through the offering for sale and

sale of the Infringing Pillow in packaging with an appearance which is likely to confuse the trade and public into believing that it is supplied by Plaintiffs when it is not.

92. Upon information and belief, Defendant Wal-Mart has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

93. Upon information and belief, Plaintiffs have been damaged by Defendant Wal-Mart's activities and Defendant Wal-Mart is liable for such damages, in an amount to be determined.

94. Defendant Wal-Mart's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant Wal-Mart and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation restraining and enjoining the offering for sale and sale of the Infringing Pillow in packaging with an appearance which is confusingly similar to the packaging in which the Patent Pillow is offered for sale and sold.

**SEVENTH CAUSE OF ACTION**

FALSE DESIGNATION OF PRODUCT ORIGIN AGAINST DEFENDANT TGI

95. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.

96. On information and belief, the Infringing Pillow is imported into the United States by or on behalf of Defendant TGI, and is offered for sale and sold in the United States and within the State of New York by Defendant TGI and/or through Defendant TGI's retail customers without a proper designation of origin, without a Uniform Registry Number (URN) and without a law label indicating the filling materials in the pillow.

97. Upon information and belief, the importation into the United States by or on behalf of Defendant TGI, and offering for sale and sale of the Infringing Pillow in the United States and in the State of New York, by Defendant TGI and its retail customers, without a proper designation of origin, without a Uniform Registry Number (URN) and without a law label indicating the filling materials in the pillow, constitutes a false designation of product origin and is in violation of Title 15 U.S.C. § 1125 (a) because it misrepresents the nature, characteristics, qualities, or geographic origin of the Infringing Pillow.

98. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant TGI has violated Plaintiffs rights by misrepresenting the nature, characteristics, qualities, or geographic origin of the Infringing Pillow.

99. Upon information and belief, Defendant TGI has therefore violated Title 15 U S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

100. Upon information and belief, Plaintiffs have been damaged by Defendant TGI's activities and Defendant TGI is liable for such damages, in an amount to be determined.

101. Defendant TGI's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the

marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant TGI and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation the importation into the United States, and offering for sale and sale of the Infringing Pillow in the United States and in the State of New York, without a proper designation of origin, without a Uniform Registry Number (URN) and without a law label indicating the filling materials of the pillow.

## EIGHTH CAUSE OF ACTION

FALSE DESIGNATION OF PACKAGING ORIGIN AGAINST DEFENDANT TGI

102. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.

103. On information and belief, the Infringing Pillow is imported into the United States by or on behalf of Defendant TGI, and is offered for sale and sold in the United States and within the State of New York by Defendant TGI and/or through Defendant TGI's retail customers in packaging without a proper designation of origin.

104. Upon information and belief, the importation into the United States by or on behalf of Defendant TGI, and offering for sale and sale of the Infringing Pillow in the United States and in the State of New York by Defendant TGI and/or its retail customers in packaging without a proper designation of origin constitutes a false designation of packaging origin and is in violation of Title 15 U.S.C. § 1125 (a) because the packaging misrepresents the nature, characteristics, qualities, or geographic origin of the Infringing Pillow contained in the packaging.

105. Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant TGI has violated Plaintiffs rights by misrepresenting the nature, characteristics, qualities, or geographic origin of the Infringing Pillow contained in the packaging.

106. Upon information and belief, Defendant TGI has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

107. Upon information and belief, Plaintiffs have been damaged by Defendant TGI's activities and Defendant TGI is liable for such damages, in an amount to be determined.

108. Defendant TGI's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant TGI and its agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from violating Title 15 U.S.C. 1125 (a) including without limitation the importation into the United States, and offering for sale and sale of the Infringing Pillow in the United States and in the State of New York, in packaging without a proper designation of origin.

**NINTH CAUSE OF ACTION**

FALSE DESIGNATION OF PACKAGING ORIGIN AGAINST DEFENDANT WAL-MART

109. Plaintiffs repeat and re-allege each allegation in paragraph 1-40 of the Complaint as if set forth in full herein.