110.    On information and belief, the Infringing Pillow is offered for sale and sold in the United States and within the State of New York by Defendant Wal-Mart in packaging without a proper designation of origin.

111.    Upon information and belief, the offering for sale and sale of the Infringing Pillow in the United States and in the State of New York by Defendant Wal-Mart in packaging without a proper designation of origin constitutes a false designation of packaging origin and is in violation of Title 15 U.S.C. § 1125 (a) because the packaging misrepresents the nature, characteristics, qualities, or geographic origin of the Infringing Pillow contained in the packaging.

112.    Upon information and belief, within the six years prior to the filing of this lawsuit and continuing through the present date, Defendant Wal-Mart has violated Plaintiffs rights by misrepresenting the nature, characteristics, qualities, or geographic origin of the Infringing Pillow contained in the packaging.

113.    Upon information and belief, Defendant Wal-Mart has therefore violated Title 15 U.S.C. 1125(a) and that violation has been willful and will continue unless rectified by this Court.

114.    Upon information and belief, Plaintiffs have been damaged by Defendant Wal-Mart's activities and Defendant Wal-Mart is liable for such damages, in an amount to be determined.

115.    Defendant Wal-Mart's wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries. The damage to Plaintiffs includes harm to their goodwill and reputation in the marketplace that money cannot compensate. In addition to its actual damages, Plaintiffs are

therefore entitled to a preliminary and permanent injunction restraining and enjoining Defendant

Wal-Mart and its agents, servants and employees, and all persons acting thereunder, in concert

with, or on their behalf, from violating Title 15 U.S.C. § 1125 (a) including without limitation

the offering for sale and sale of the Infringing Pillow in the United States and in the State of New

York, in packaging without a proper designation of origin.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Larry Cole and Plaintiff Integrated Merchandise Group International, Ltd. pray for judgment against Defendant Trademark Games, Inc. and Defendant Wal-Mart Stores, Inc., as follows:

1.     That the Cole Patent be determined enforceable for its life and duration;

2.     That Defendant Trademark Games, Inc. has infringed the Cole Patent and that such infringement has been willful;

3.     That Defendant Wal-Mart Stores, Inc. has infringed the Cole Patent and that such infringement has been willful;

4.     That Defendant Trademark Games, Inc. has violated Plaintiff's trade dress rights in the shape and appearance of the Patent Pillow;

5.     That Defendant Wal-Mart Stores, Inc. has violated Plaintiff's trade dress rights in the shape and appearance of the Patent Pillow.

6.     That Defendant Trademark Games, Inc. has violated Plaintiff's trade dress rights in the appearance of the packaging of the Patent Pillow.

7.     That Defendant Wal-Mart Stores, Inc. has violated Plaintiff's trade dress rights in the appearance of the packaging of the Patent Pillow.

8.     That Defendant Trademark Games, Inc. has violated Plaintiffs' rights by importing, offering for sale and selling the Infringing pillow without a proper designation of origin, without a Uniform Registry Number (URN) and without a law label indicating the filling materials in the pillow.

9.     That Defendant Wal-Mart Stores, Inc. has violated Plaintiff's rights by offering for sale and selling the Infringing pillow without a proper designation of origin, without a

Uniform Registry Number (URN) and without a law label indicating the filling materials in the pillow.

10. That Defendant Trademark Games, Inc. has violated Plaintiff's rights by importing, offering for sale and selling the Infringing pillow in packaging without a proper designation of origin.

11. That Defendant Wal-Mart Stores, Inc. has violated Plaintiff's rights by offering for sale and selling the Infringing pillow in packaging without a proper designation of origin.

12. That an accounting be had for the damages caused Plaintiffs by the patent infringing activities of Defendant Trademark Games, Inc. and that such damages, including damages for lost profits, in an amount to be determined, which sum should be trebled pursuant to 35 U.S.C. § 284, with interest thereon, be awarded to Plaintiffs;

13. That an accounting be had for the damages caused Plaintiffs by the patent infringing activities of Defendant Wal-Mart Stores, Inc. and that such damages, including damages for lost profits, in an amount to be determined, which sum should be trebled pursuant to 35 U.S.C. § 284, with interest thereon, be awarded to Plaintiffs;

14. That an accounting be had for the damages caused Plaintiffs by the product trade dress infringing activities of Defendant Trademark Games, Inc. and that such damages, including profits made by Defendant Trademark Games, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

15. That an accounting be had for the damages caused Plaintiffs by the product trade dress infringing activities of Defendant Wal-Mart Stores, Inc. and that such damages, including profits made by Defendant Wal-Mart Stores, Inc., lost profits by Plaintiffs, and costs, in

an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

16.     That an accounting be had for the damages caused Plaintiffs by the packaging trade dress infringing activities of Defendant Trademark Games, Inc. and that such damages, including profits made by Defendant Trademark Games, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

17.     That an accounting be had for the damages caused Plaintiffs by the packaging trade dress infringing activities of Defendant Wal-Mart Stores, Inc. and that such damages, including profits made by Defendant Wal-Mart Stores, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

18.     That an accounting be had for the damages caused Plaintiffs by the improper product labeling activities of Defendant Trademark Games, Inc. and that such damages, including profits made by Defendant Trademark Games, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

19.     That an accounting be had for the damages caused Plaintiffs by the improper packaging activities of Defendant Trademark Games, Inc. and that such damages, including profits made by Defendant Trademark Games, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

20.     That an accounting be had for the damages caused Plaintiffs by the improper packaging activities of Defendant Wal-Mart Stores, Inc. and that such damages, including profits made by Defendant Wal-Mart Stores, Inc., lost profits by Plaintiffs, and costs, in an amount to be determined, which sum should be increased pursuant to Title 15 U.S.C. § 1117, with interest thereon, be awarded to Plaintiffs;

21.     That Plaintiffs be granted preliminary and permanent injunctive relief restraining and enjoining Defendant Trademark Games, Inc. and its agents, servants and employees, and all persons acting thereunder, in concert with or on its behalf from: (a) infringing the Cole Patent in the United States, including without limitation restraining and enjoining the importation, manufacture, offer for sale and sale of the Infringing Pillow and/or any product which violates the Cole Patent; (b) infringing the trade dress rights of Plaintiffs in the shape and appearance of the Patented Pillow, including without limitation restraining and enjoining the importation, manufacture, offer for sale and sale of the Infringing Pillow and/or any confusingly similar product; (c) infringing the trade dress rights of Plaintiffs in the appearance of packaging of the Patented Pillow, including without limitation restraining and enjoining the importation, manufacture, offer for sale and sale of the packaging of the Infringing Pillow and/or any confusingly similar packaging; (d) infringing the rights of Plaintiffs by falsely designating the origin of the Infringing Pillow, including without limitation restraining and enjoining the importation, manufacture, offering for sale and sale of the Infringing Pillow and/or any confusingly similar product without proper labeling; and (e) infringing the rights of Plaintiffs by falsely designating the origin of the packaging for Infringing Pillow, including without limitation restraining and enjoining the importation, manufacture, offering for sale and

27

sale of the Infringing Pillow and/or any confusingly similar product in packaging which does not properly designate the source or origin thereof.

22.   That Plaintiffs be granted preliminary and permanent injunctive relief restraining and enjoining Defendant Wal-Mart Stores, Inc. and its agents, servants and employees, and all persons acting thereunder, in concert with or on its behalf from: (a) infringing the Cole Patent in the United States, including without limitation restraining and enjoining the offer for sale and sale of the Infringing Pillow and/or any product which violates the Cole Patent; (b) infringing the trade dress rights of Plaintiffs in the shape and appearance of the Patented Pillow, including without limitation restraining and enjoining the offer for sale and sale of the Infringing Pillow and/or any confusingly similar product; (c) infringing the trade dress rights of Plaintiffs in the appearance of packaging of the Patented Pillow, including without limitation restraining and enjoining the offer for sale and sale of the packaging of the Infringing Pillow and/or any confusingly similar packaging; (d) infringing the rights of Plaintiffs by falsely designating the origin of the Infringing Pillow, including without limitation restraining and enjoining the offering for sale and sale of the Infringing Pillow and/or any confusingly similar product without proper labeling; and (e) infringing the rights of Plaintiffs by falsely designating the origin of the packaging for Infringing Pillow, including without limitation restraining and enjoining the offering for sale and sale of the Infringing Pillow and/or any confusingly similar product in packaging which does not properly designate the source or origin thereof.

23.   That Plaintiffs be granted further injunctive relief directing Defendant Trademark Games, Inc. to provide Plaintiffs with the names and contact information for all retail entities that

purchased the Infringing Pillows within the United States, and to notify each such retail

entity that such product has been found to be illegal and infringing;

24. That Plaintiffs be awarded their attorneys' fees, costs, and expenses in this action, pursuant to 35 U.S.C. §285 and/or 15 U.S.C. 1117(a);

25. That Plaintiffs be awarded prejudgment interest and post-judgment interest on all sums awarded to Plaintiffs herein;

26. That Plaintiffs be awarded such further necessary and proper relief as the Court may deem equitable and just.

Dated: November 19, 2013

EPSTEIN DRANGEL LLP

By: _____

Robert L. Epstein
Jason M. Drangel
William Wright
60 East 42nd Street, Suite 2410
New York, New York 10165
Tel. No.:      (212) 292-5390
Fax. No.      (212) 292-5391
Attorneys for Plaintiffs Cole and IMG

**JURY TRIAL DEMANDED**


Plaintiff Larry Cole and Plaintiff Integrated Merchandise Group International, Ltd. hereby demand a trial by jury of all issues so triable.


Dated: November 19, 2013

EPSTEIN DRANGEL LLP

By: _____

Robert L. Epstein
Jason M. Drangel
William Wright
60 East 42nd Street, Suite 2410
New York, New York 10165
Tel. No.:      (212) 292-5390
Fax. No.      (212) 292-5391
Attorneys for Plaintiffs Cole and IMG

30

# EXHIBIT A

US00D492533S1

(12) **United States Design Patent**     (10) Patent No.:     **US D492,533 S**

Cole     (45) Date of Patent:     **      Jul. 6, 2004**

(54) **SIDE POSTURE PILLOW**

(76) Inventor:   **Larry Cole**, 959 White Station Rd.,
                 Memphis, TN (US) 38117

(**) Term:   **14 Years**

(21) Appl. No.: **29/177,897**

(22) Filed:   **Mar. 18, 2003**

**Related U.S. Application Data**

(63) Continuation-in-part of application No. 29/166,475, filed on
     Aug. 28, 2002, now Pat. No. Des. 475,881.

(51) **LOC (7) Cl.** ...................................................... **06-09**
(52) **U.S. Cl.** ....................................................... **D6/601**
(58) **Field of Search** ......................... D6/595–598, 601,
              D6/604, 611; D24/183; 5/630, 632–633,
              636–638, 640, 644, 652, 652.1, 653, 654,
              655, 655.3, 655.4, 655.9, 656, 657.5, 907,
              945; 224/153, 155, 584, 907; 297/129,
              180.11, 188.2, 188.12, 195.1, 199, 219.1,
              225, 228.1, 229, 452.41

(56)        **References Cited**

        **U.S. PATENT DOCUMENTS**

| | | | | |
|---|---|---|---|---|
| D94,702 S | * | 2/1935 | Marks | 5/636 |
| D201,492 S | * | 6/1965 | Jacobson | D6/601 |
| 5,109,557 A | * | 5/1992 | Koy et al. | 5/655 |
| D382,435 S | * | 8/1997 | Schaffner et al. | D6/596 |
| D416,159 S | * | 11/1999 | Porter | D6/596 |
| D416,745 S | * | 11/1999 | Noyes | D6/601 |
| 5,987,674 A | * | 11/1999 | Schaffner et al. | 5/630 |
| D418,987 S | * | 1/2000 | Panton | D6/601 |
| D419,819 S | * | 2/2000 | Bartoli | D6/601 |
| 6,052,848 A | * | 4/2000 | Kelly | 5/630 |
| 6,253,400 B1 | * | 7/2001 | Rudt-Sturzenegger et al. | 5/630 |
| D453,653 S | * | 2/2002 | Tunnell | D6/601 |
| 6,499,164 B1 | * | 12/2002 | Leach | 5/630 |
| D474,059 S | * | 5/2003 | Cartwright | D6/601 |
| D475,881 S | * | 6/2003 | Cole | D6/601 |

* cited by examiner

*Primary Examiner*—James Gandy
*Assistant Examiner*—T. Chase Nelson
(74) *Attorney, Agent, or Firm*—Walker, McKenzie &
Walker, PC

(57)          **CLAIM**

The ornamental design for a side posture pillow, as shown
and described.

**DESCRIPTION**

FIG. 1 is a front plan view of a side posture pillow, showing
my new design, the rear plan being a mirror image thereof.
FIG. 2 is a bottom elevation of the side posture pillow of
FIG. 1.
FIG. 3 is a right side elevation view of the side posture
pillow of FIG. 1.
FIG. 4 is a left side elevation view of the side posture pillow of
FIG. 1.
FIG. 5 is a cross sectional view as taken on line 5—5 of FIG.
1; and,
FIG. 6 is a top elevation view of the side posture pillow of
FIG. 1.

The cross sectional view in FIG. 5 is shown to illustrate the
exterior contour and shape of the side posture pillow of FIG.
1, not to limit the invention to the interior design or
properties thereof.

**1 Claim, 2 Drawing Sheets**





FIG.I



FIG. 2



FIG. 3

FIG. 4

FIG. 5

FIG. 6

# EXHIBIT B